IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| XUNXIAN LIU, | * | |
|     Plaintiff, | * | |
| v. | * | Civil Action No. 8:23-cv-03513-PX |
| Robert F. Kennedy, Jr., Secretary<br>U.S. Department of<br>Health and Human Services | * | |
|     Defendant. | * | |

\*\*\*

**<u>MEMORANDUM OPINION</u>**

Pending in this employment discrimination matter is Secretary of the United States Department of Health and Human Services Robert F. Kennedy, Jr.'s[1] motion to dismiss, or alternatively for summary judgment in his favor. ECF No. 32. The issues are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6.[2] For the reasons stated below, the motion is granted, and the claims are dismissed.

**I.    Background**[3]

Plaintiff, Dr. Xunxian Liu ("Liu"), is 70 years old and of Chinese origin. ECF No. 12-1 ¶ 2. Liu worked at the National Institutes of Health ("NIH"), until Dr. Catherine Bushnell

---

[1] The Complaint named Xavier Becerra, former Secretary of Health and Human Services ("HHS") as Defendant. ECF No. 1. Robert F. Kennedy, Jr. now serves as HHS Secretary. Pursuant to Federal Rule of Civil Procedure 25(d), Secretary Kennedy is automatically substituted as the Defendant.

[2] Liu moves for leave to file a sur-reply which shall be denied. ECF No. 40. Sur-replies are disfavored and will not be granted absent a showing of good cause such as the need to address new arguments or law raised for the first time in a reply. *See EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013). Liu has made no such showing. The proposed sur-reply merely retreads old ground articulated in his response. *Compare* ECF No. 34 *with* ECF No. 40-1. Alternatively, even if the Court considered the sur-reply, it would not change the outcome.

[3] The Court construes the Complaint facts as true and most favorably to Plaintiff Xunxian Liu as the nonmovant. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

("Bushnell") fired him in 2015 for poor job performance. *Id.* ¶ 14 n.1. *See also* ECF No. 1-2 at 84. That same year, Liu filed a formal EEO Complaint against Dr. Bushnell and NIH for discriminatory discharge. ECF No. 12 ¶ 14 n.1. After administrative exhaustion, Liu next filed suit in federal court on May 19, 2017 (The "2017 federal case"). *See id*. *See also Liu v. Bushnell*, 2018 WL 3093974, at *6 (D. Md. June 22, 2018), *aff'd sub nom Liu v. Azar*, 742 Fed. Appx. 748, 749 (4th Cir. 2018). The 2017 federal case concluded in NIH's favor in 2018. *Id.*

In October 2019, Liu applied to be a cancer research biologist at NIH. ECF No. 12-1 ¶ 11. *See also* ECF No. 1-2 at 52. NIH thereafter notified Liu that based on his application materials, he was qualified for the position and his name would be forwarded to the hiring committee. ECF No. 12-1 ¶ 12. *See also* ECF No. 1-2 at 55. Ultimately, Liu was not selected for the position. ECF No. 12-1 ¶ 14. He eventually learned that Dr. Bushnell had been the selecting official for the spot. *Id.* ¶¶ 17–18.

After Liu was not chosen for the cancer research biologist position, Liu filed a formal complaint with the EEO on April 29, 2020 (the "2020 EEO case"). In it, he alleged that his non-selection was in retaliation for his having pursued the 2017 federal case. ECF No 1-2 at 67.

Liu next applied for a second biologist position in thoracic surgery at NIH in December 2020. He received a letter confirming his eligibility for the role. ECF No. 12-1 ¶ 21. Three months later, after hearing nothing, Liu inquired about the status of his application. He was told the position was not yet filled, and he assumed (incorrectly) that he would receive an interview for the position. ECF No. 12-1 ¶ 22.

On July 12, 2021, NIH informed Liu that he was not selected for the position. ECF No. 1-2 at 21. Liu concluded he had been passed over because of either his race, national origin, or age, ECF No. 12-1 ¶¶ 22–23, or because he was currently engaged in the 2020 EEO case arising

from his non-selection for the first biologist position. *Id.* ¶ 38. So, Liu filed another EEO charge, alleging discriminatory non selection against NIH on October 8, 2021. *Id*. ¶ 23. *See also* ECF No. 12-1 at 32.

Liu next filed suit in this Court, alleging that NIH failed to hire him for both biologist positions because of his race, national origin, and age, or otherwise retaliated against him for his prior EEO activity in violation of Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 623(a)(1). ECF No. 12 ¶¶ 34–38 (Count One). Liu also alleges that NIH retaliated against him for his prior EEO activity in violation of 42 U.S.C. § 1981 and his First Amendment right to petition for redress of grievances when it failed to hire him (Counts Two and Three). Last, Liu faults NIH for infringing on his Fifth Amendment right to "pursue his chosen career." *Id.* ¶¶ 42–54, ¶ 57. (Count Two).

The Government contends that the constitutional and Section 1981 claims must be dismissed for lack of subject matter jurisdiction. The remaining claims, says the Government, fail to state a plausible cause of action. The Court turns first to the jurisdictional challenges.

## II. Dismissal for Lack of Subject Matter Jurisdiction

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(1) concerns "whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of his claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). The plaintiff bears the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If "a claim fails to allege facts upon which the court may base jurisdiction," the court must dismiss the case. *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).

In determining whether jurisdiction exists, "the court may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue." *Khoury*, 268 F. Supp. 2d at 606 (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)) (internal quotation marks omitted). Where the defendant contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based," the Court construes the facts alleged in the complaint as true and most favorably to the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Whether the Court retains subject matter jurisdiction must be decided before reaching the merits of the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999).

### A.   Constitutional Claims

Liu seeks money damages for the violations of his rights as articulated in the First and Fifth Amendments to the United States Constitution. According to Liu, his First Amendment rights were violated when NIH employees retaliated against him for his prior EEO activity, and his Fifth Amendment property and liberty interests were violated when NIH employees failed to interview him. ECF No. 12-1 ¶¶ 47, 54, 55 & 61.

Because NIH is a federal agency, its employees "act under the color of federal law," *Marshall v. Dep't of Def. Ed. Activity*, 2023 WL 4236903, at *3 (E.D. Va. June 27, 2023). And a plaintiff may only pursue a constitutional claim for money damages against an official acting under federal law if the claim falls into one of the narrowly circumscribed implied causes of action articulated in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 391 (1971) ("a *Bivens* action"). *See also Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 269 (4th 2024). *Bivens* claims, however, can proceed only against the individual agent or official whose acts or omissions purportedly violated the person's constitutional rights. *See Fields*, 109

4

F.4th at 269 ("In *Bivens* itself, the Supreme Court recognized an implied cause of action against six federal officers in their individual capacities."). Such *Bivens* actions cannot proceed against the agency itself as they are barred by the doctrine of sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 485 (1994); *Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999); *Leon v. Fed. Bureau of Investigations*, 2022 WL 1681658, at *3 (N.D. W. Va Apr. 26, 2022). Further, because a *Bivens* action can only proceed against the individual agent, suits against an agency head in his official capacity are likewise barred. *See Bivens*, 403 U.S. at 397 (persons injured may recover damages from the individual agent). *See also Marshall*, 2023 WL 4236903, at *3–5. This is so, because an official capacity suit is tantamount to "pleading an action against an entity." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

Liu brings his constitutional tort claims only against the HHS Secretary in his official capacity. ECF No. 12 at 1. Nothing in the Amended Complaint suggests that any individual officer or agent has been sued in his or her individual capacity. Accordingly, the Court is barred from hearing the claim and it must be dismissed for lack of jurisdiction. *See Criscione v. U.S. Nuclear Regulatory Comm'n*, 493 F. Supp. 3d 423, 430 (D. Md. 2020); *See also S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC,* 713 F.3d 175, 185 (4th Cir. 2013).

**B.     Section 1981 Claims**

The Section 1981 retaliation claim fails for similar reasons. Liu proceeds against the Secretary in his official capacity, which amounts to an action against the United States. *Graham*, 473 U.S. at 165. For Section 1981 claims, Congress has not expressly waived sovereign immunity. *See* 42 U.S.C. § 1981. Thus, the Government has not consented to suit in this Court,

*Robinson v. U.S. Dep't of Educ*. 917 F.3d 799, 801 (4th Cir. 2019), and this claim too must be dismissed for want of jurisdiction.

The Court next turns to the sufficiency of Liu's remaining claims.

### III.   Dismissal for Failure to State a Claim

The Government asks the Court to dismiss the remaining statutory causes of action for failure to state a claim, or alternatively, to grant summary judgment in its favor. ECF No. 32. When a motion to dismiss is styled in the alternative as a motion for summary judgment, the Court may exercise its discretion under Federal Rule of Civil Procedure Rule 12(d) to treat the motion under either standard. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436 (D. Md. 2011), *aff'd sub nom. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462 (4th Cir. 2012). Before converting a motion to dismiss to one for summary judgment, the Court must give the parties some indication that it will treat the motion as one for summary judgment and afford them "a reasonable opportunity for discovery." *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013) (internal quotation marks and citations omitted).

The Government seeks summary judgment, relying on three affidavits. ECF Nos. 32-2, 32-2 & 32-3. Liu, for his part, proceeds on a verified Amended Complaint, ECF No. 12-1, which has the same force and effect as an affidavit. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). Undoubtedly this "record" is thin, but nonetheless presents competing narratives as to the circumstances surrounding Liu's non-selection. Further, without a "reasonable opportunity for discovery," reaching this motion as one for summary judgment on the thinnest of records is ill-advised. The Court instead will treat the motion as one to dismiss for failure to state a claim. *See Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006).

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims.  In reviewing the motion, the Court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party."  *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018).  However, the Court need not "credit a complaint's conclusory statements without reference to its factual context," *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009), or "accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see Iqbal*, 556 U.S. at 663 (". . . the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.").  To survive dismissal, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  The Court must be able to deduce "more than the mere possibility of misconduct" and the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief.  *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 679), *aff'd as modified*, 659 F. App'x 744 (4th Cir. 2016).  The Court may consider documents that are attached to, or incorporated by reference in, the complaint, or are otherwise integral to the allegations.  *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

### A.   Discrimination and Retaliation Claims

Liu combines two distinct liability theories in the first count of the Amended Complaint.  He alleges that because of his race, national origin and age, NIH twice refused to hire him.  He separately contends that NIH also did not hire him in retaliation for his prior EEO activity.  *See*

*generally* ECF No. 12-1.  The Government contends none of the allegations are plausible.  ECF No. 32 at 3.  The Court agrees with the Government.

Starting with allegations of discriminatory non-selection, Title VII prohibits an employer from refusing to hire a person on account of his race or national origin, 42 U.S.C. § 2000e–2(a)(1), and the ADEA prohibits the same discrimination based on age, 29 U.S.C. § 623(a)(1).  Where, as here, the employee does not allege direct discrimination, the Court applies the well-known burden shifting framework announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under *McDonnell Douglas*, the employee must first make a prima facie showing of discrimination.  *Id.*  For a failure-to-hire claim under Title VII, the plaintiff must aver some facts that show he is a member of a protected category; he applied for the position in question; he was qualified for the position; and he was rejected under circumstances giving rise to an inference of unlawful discrimination.  *Langerman v. Thompson*, 155 F. Supp. 2d 490, 495 (D. Md. 2001).  Similarly, as to age discrimination, the complaint must make plausible that the plaintiff was over 40-years old; was qualified for the position he sought; was rejected despite his qualifications; and the position remained open or was filled by a similarly qualified and younger applicant.  *Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006).

Once the plaintiff makes this prima facie showing, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse decision.  *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142 (2000); *McDonnell Douglas,* 411 U.S. at 802–03.  If the defendant makes that showing, the burden shifts back to the plaintiff to show that his protected class was the but-for cause of the employer's adverse action.  *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 175 (2009).  Although at the pleading stage, the plaintiff's prima facie showing is "not onerous," *Westmoreland v. TWC Admin.* LLC, 924 F.3d 718, 725 (4th Cir. 2019),

the allegations must include some facts that give rise to an inference of either race or age discrimination. The Amended Complaint regrettably includes none.

As to the cancer research biologist position, Liu only alleges that Bushnell wrongfully considered the candidates' "experience in managing lab animals, in lab management and safety, in property management and management of controlled substances, in using POTS and in NIH purchasing, and with the ability to serve as a contracting officer representative liaison." ECF No. 12-1 ¶ 39. *See also* ECF No. 12-1 ¶ 19 (incorporating ECF No. 1-2 at 64). Even viewing these facts most favorably to Liu, nothing gives rise to the inference that Bushnell did not select Liu because of his race or national origin. Furthermore, the Court cannot infer, as Liu does, that NIH discriminated against him for the thoracic surgery biologist position simply because Dr. David Schrump, could not remember whether he or Dr. Hoang had been the hiring official. *See* ECF No. 12-1 ¶¶ 26–29. The inability to recall who oversaw a hiring process has little, if anything, to do with whether Liu had been turned away on account of a protected characteristic.

Nor is it reasonable to infer NIH discriminated against Liu simply because NIH did not extend him an interview for the thoracic surgery position. Indeed, none of the candidates who qualified for the position were interviewed. ECF No. 1-2 at 29. Liu's personal "understanding" that he would get an interview does not support the inference that his non-selection was discriminatory.

As for the age discrimination allegation, the claim fails for similar reasons. No facts suggest that he was passed over for either position because of his age, or even that the ultimate selectee for either position was younger than Liu. Without any facts making plausible that Liu's age was at all a consideration, this claim also must be dismissed.

9

Turning to the retaliation allegation, Liu avers that he was not selected for the cancer research position because he had previously pursued the 2017 federal case involving Dr. Bushnell. ECF No. 12-1 ¶ 14. Similarly, Liu contends that he had not been chosen for the thoracic surgery position because he was in the process of challenging the legitimacy of the first non-selection. *Id.* ¶ 39. To be sure, Title VII and the ADEA prohibit an employer from retaliating against an employee who "opposed any practice made an unlawful employment practice by [the respective statute], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the respective statute]." 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d). This includes pursuing discrimination or retaliation claims before an agency or court.

To survive dismissal on a retaliation claim, a complaint must aver some facts to make plausible that the plaintiff engaged in protected activity; the employer took an adverse action against him; and a causal link exists between the two. *See Rhoads v. F.D.I.C.*, 257 F.3d 373, 392 (4th Cir. 2001); *Booth v. Cty. Exec.*, 186 F. Supp. 3d 479, 487 (D. Md. 2016); *Stoyanov v. Winter*, RDB 05-1611, 2006 WL 5838450, at *11 (D. Md. 2006). Employer actions are sufficiently "adverse" if they would "dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67–68 (2006) (internal quotation marks omitted). Causation may be inferred when the adverse action follows close in time to when the employer first becomes aware of the protected activity. *See Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 126 (4th Cir 2021). By contrast, "a lengthy time lapse between the employer becoming aware of the protected activity and the alleged adverse employment action . . . negates any inference that a causal connection exists between the two." *Roberts,* 998 F.3d at 126 (affirming grant of summary judgment in employer's favor for

lack of causal connection where plaintiff was terminated three months after last report of harassment). *See also Allen v. Rumsfeld*, 273 F. Supp. 2d 695, 708 (D. Md. 2003).

The Government does not dispute that Liu's prior EEO activity is protected under Title VII and ADEA. Nor does it disagree that non-selection for a position is a sufficiently adverse action. Instead, the Government argues that no facts make plausible a causal connection between the two. ECF No. 32-1 at 13–14. Again, the Court must agree with the Government.

Turning to the first non-selection, Liu avers that he was not hired because he had pursued his 2017 federal case. But NIH did not reject Liu for the biologist position until December 23, 2019. ECF No. 1-2 at 62. Given that more than two years passed between Liu's protected EEO activity and his non-selection, the Court cannot plausibly infer any connection between the two.[4]

Likewise, as to the second position, Liu contends that his July 2021 non-selection was retaliatory. Yet the most proximate protected activity – the filing of his 2020 EEO case – occurred almost 16 months prior, on April 29, 2020. Without more, the Court cannot plausibly infer that Liu's non-selection had anything to do with his EEO activity over a year before. Because Liu has failed to aver any causal connection between his EEO activity and NIH's refusal to hire him, the retaliation claim must be dismissed.

## IV.  Conclusion

Based on the foregoing, NIH's motion to dismiss is GRANTED. The Amended Complaint is dismissed without prejudice. A separate Order follows.

| 2/25/2025 | /S/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |

---

[4] Liu suggests that the Court should consider a parallel lawsuit he filed Montgomery County Circuit Court on October 2, 2018, as the alleged protected conduct. *See Liu v. Bushnell*, No. 18-cv-3468 at ECF No. 1. But even so, the temporal gap between this lawsuit and his termination is also too long to allow the plausible inference that one caused the other.