## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| XUNXIAN LIU, | | |
| *Plaintiff*, | * | |
| v. | * | Civ. No. 8:23-cv-3513-PX |
| ROBERT F. KENNEDY, JR., | * | |
| SECRETARY U.S. DEP'T OF | | |
| HEALTH & HUMAN SERVICES, | | |
| | * | |
| *Defendants*. | | |
| | *** | |

### MEMORANDUM OPINION

Pending before the Court is Plaintiff Xunxian Liu's ("Liu") motion for reconsideration. ECF No. 45.  The motion is fully briefed, and no hearing is necessary.  *See* D. Md. Loc. R. 105.6. The Court DENIES the motion for the following reasons.

### I.    Background[1]

The Court has discussed the relevant factual background in a prior decision and incorporates that discussion here.  ECF No. 41.  To summarize for context, Plaintiff, Dr. Xunxian Liu ("Liu") is a 70-year-old man of Chinese origin who worked at the National Institutes of Health ("NIH") until Dr. Catherine Bushnell ("Bushnell") fired him in 2015 for poor job performance. ECF No. 14-1 ¶ 2; *Id*. ¶ 14 n.1.  Afterwards, Liu filed a formal EEO Complaint against Bushnell and the NIH for discriminatory discharge and eventually filed suit in federal court (the "2017 federal case").  ECF No. 14-1 ¶ 14 n.1.

---

[1] The Court construes the Complaint facts as true and most favorably to Plaintiff Xunxian Liu as the nonmovant. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Over two years later, in October 2019, Liu applied to be a cancer research biologist at NIH. ECF No. 14-1 ¶¶ 10–11.  NIH thereafter notified Liu that based on his application materials, he was qualified for the position and that his name would be forwarded to the hiring committee for a potential interview.  ECF No. 14-1 ¶ 12.  Ultimately, Liu was not selected for the position.  *Id*. ¶ 14.  He filed a formal EEO complaint as a result on April 29, 2020 (the "2020 EEO case").  ECF No. 14-1 ¶ 14.  In the EEO Complaint, Liu argued that his non-selection was in retaliation for his having pursued the 2017 federal case.  ECF No. 14-1 ¶ 15.

In December 2020, Liu applied for a second biologist position in the thoracic surgery department at NIH.  ECF No. 14-1 ¶¶ 20–21.  NIH notified Liu of his eligibility for the position and that that he would be forwarded to the hiring committee for consideration.  ECF No. 14-1 ¶ 22.  On July 12, 2021, NIH informed Liu that he was not selected for the position.  ECF No. 1-2 at 21.  Liu filed another EEO charge, alleging that he had been discriminated against on account of having filed the 2020 EEO case.  ECF No. 14-1 ¶ 23.

Liu ultimately filed this federal suit, alleging that the NIH failed to hire him for both biologist positions because of his race, national origin, and age, or otherwise retaliated against him for his prior EEO activity and the 2017 federal case, all in violation of Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e, et seq., and the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 623(a)(1).  ECF No. 14-1 ¶¶ 34–38.  Liu also averred that his non-selection violated his First and Fifth Amendment rights to the United States Constitution, ECF No. 14 ¶¶ 43–57, and 42 U.S.C. § 1981 ("Section 1981"), *id*. ¶¶ 56–59.

Defendant, Secretary of Health and Human Services ("HHS")[2], moved to dismiss or, in the alternative, for summary judgment to be granted in his favor. ECF No. 32. On February 25, 2025, the Court granted HHS's motion to dismiss the amended Complaint without prejudice for lack of subject-matter jurisdiction over Liu's constitutional and Section 1981 claims, ECF No. 41 at 3–6, and for failure to state a discrimination or retaliation claim, *id*. at 6–11. *See also* ECF No. 42.

On March 10, 2025, Liu timely moved for reconsideration of the Court's decision for three reasons. ECF No. 45. First, Liu contends that the Court erred in dismissing for lack of jurisdiction the constitutional and Section 1981 claims because he seeks equitable relief; second, Liu argues that the Court used the "wrong" pleading standard as to the discrimination and retaliation claims; and last, he maintains that dismissal of the retaliation claim was improper because he has made plausible a causal connection between Liu's protected activity and the HHS' adverse actions. ECF No. 45 at 5–6. For the following reasons, the Court will not disturb its prior decision.

## II.    Standard of Review

Federal Rule of Civil Procedure 60(b) allows a district court to relieve a party "from a final judgment, order, or proceeding" based on a list of enumerated grounds, or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). To prevail under Rule 60(b), the requesting party "must make a threshold showing of timeliness, a meritorious claim or defense, and a lack of unfair prejudice to the opposing party." *Bank v. M/V "Mothership", et al.*, 427 F. Supp. 3d 655, 660 (D. Md. 2019) (citing *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)). "After a party has crossed

---

[2] The Amended Complaint named Xavier Becerra, former Secretary of HHS as the Defendant. ECF No. 14-1. Robert F. Kennedy, Jr. now serves as HHS Secretary. Pursuant to Federal Rule of Civil Procedure 25(d), Secretary Kennedy is automatically substituted as the Defendant.

this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)."[3] *M/V "Mothership", et al.*, 427 F. Supp. 3d at 660 (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). Importantly, "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). *See also M/V "Mothership", et al.*, 427 F. Supp. 3d at 660 ("Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment.") (citation omitted). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." *Williams*, 674 F.2d at 313. "Disposition of a motion under Fed. R. Civ. P. 60(b) is within the sound discretion of the district court." *Evans v. United Life & Acc. Ins. Co.*, 871 F.2d 466 (4th Cir. 1989) (quoting *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir.1973)).

Liu's motion fits most neatly into Rule 60(b)(1) which permits relief from final judgment due to the movant's "mistake, inadvertence, surprise, or neglect." Such a motion must be made within one year of the date of entry of the judgment from which relief is sought." *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 897 (4th Cir. 1987). A "mistake" under Rule 60(b)(1) includes errors of law made by a judge, including "misapplying controlling law to record facts." *Kemp v. United States*, 596 U.S. 528, 534–5 (2022). "Excusable neglect" under Rule 60(b)(1) includes

---

[3] Rule 60(b) explains that each of the following circumstances may constitute grounds for relief from a final judgment:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

"inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control." *Justus v. Clarke*, 78 F.4th 97, 108 (4th Cir. 2023) (quoting *e.spire Commc'n's, Inc. v. CNS Commc'n's*, 39 F. App'x. 905, 912 n.7 (4th Cir. 2002)).  The Fourth Circuit has defined "excusable" as "'an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission,' including 'the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

With this standard in mind, the Court first considers the arguments relevant to Liu's discrimination claims and next those pertaining to his constitutional and Section 1981 claims.

### III.    Analysis

#### A.  Title VII and Age Discrimination Claims (Count I)

Liu first faults the Court for purportedly requiring that he plead the prima facie case under the *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973) framework.  ECF No. 45 at 6.  Liu misapprehends the Court's prior decision.  The Court simply laid out the well-worn *McDonnell Douglas* factors applicable to discrimination claims, and next recognized that the prima facie burden at the pleading stage, while "not onerous," ECF No. 41 at 8 (quoting *Westmoreland v. TWC Admin.* LLC, 924 F.3d 718, 725 (4th Cir. 2019)), still requires pleading "some facts that give rise to an *inference* of either race or age discrimination."  ECF No. 41 at 9 (emphasis added).  And it was under this correct standard that the Court found that no facts made plausible an inference of discrimination under either Title VII or the ADEA.  *Id*.  Accordingly, Liu is not entitled to relief on this ground.

Next as to his retaliation claim, Liu disagrees with the Court's decision that he failed to make plausible a causal connection between his protected activity (filing the formal charges with the EEO and a prior federal complaint) and his non-selection for the biologist positions. ECF No. 45 at 6. Liu contends that because his federal lawsuit overlaps with the alleged complaints, that this is sufficient to make plausible temporal proximity. *Id*. The Court disagrees. As the Court explained, *two years* had passed between the initiation of his first EEO complaint and his first non-selection. ECF No. 41 at 10–11. Likewise, the "most proximate" protected activity relative to his second non-selection had taken place 16 months before. *Id.* Such large gaps of time alone cannot make plausible the claim. And more to the point, Liu has not justified reconsideration by showing the Court had misapplied "controlling law to record facts," *Kemp*, 596 at 534–5. Because his argument amounts to no more than a "request that the district court change its mind," the motion must be denied. *Williams*, 674 F.2d at 313.

### B.  Section 1981 and Constitutional Claims (Counts II and III)

For the remaining claims, Liu argues this Court erred in dismissing them outright on a *Bivens* theory, because he had sought equitable relief in addition to money damages.[4] Liu is correct that the *Bivens* analysis applies only to the claims seeking money damages. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 391 (1971). *See also Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 269 (4th 2024). But the problem for Liu is he never raised this argument in response to the original dismissal motion, and so the argument will not be considered now. *Evans,* 871 F.2d at 466 ("[A] lawyer's ignorance or carelessness do not present

---

[4] Liu does not seek reconsideration of this Court's judgment as it relates to his constitutional and Section 1981 claims for money damages.

cognizable grounds for relief under 60(b).").  Perhaps this is because the argument fails for several reasons.

First, the Amended Complaint does not plausibly aver equitable relief as to these claims. Under basic pleading rules, a plaintiff must include for each cause of action a "short and plain statement" of the claim and the "demand for relief sought."  *See Cunningham v. LeGrand*, Civ No. 2:11-cv-0142, 2011 WL 1807360 at *2 (S.D.W. Va. May 10, 2011) (relying on Rule 8(a)(3)).  The Amended Complaint does not do that.  Instead, at the end of the pleading and untethered to any particular count, Liu adds a laundry list of "requested remedies," to include "further relief as the Court deems just and equitable" and an "order enjoining the [NIH] to hire Dr. Liu."  ECF No. 14-1 ¶ 61.  Thus, reconsideration is denied because the "equitable relief" as to the Section 1981 and constitutional claims had not been plausibly averred.

Even if the Court were to infer that Liu sought "injunctive relief" for these claims, they still must be dismissed for legal insufficiency.  Importantly, HHS had also asked this Court to dismiss the claims pursuant to Rule 12(b)(6).  ECF No. 32-1 at 7.  The Court declined to reach those arguments, having dismissed for lack of jurisdiction.  ECF No. 41 at 4-6.  *See also Simochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102 (1998)) (finding a court may not rule on the merits of a case without first determining that it has jurisdiction).  But given Liu's contention that he seeks equitable relief, the Court will address the 12(b)(6) arguments here.

When reviewing a 12(b)(6) motion, the Court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party."  *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018).  However, the "Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual

7

context." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). Nor can courts "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see Iqbal*, 556 U.S. at 663 (". . . the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."). To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must be able to deduce "more than the mere possibility of misconduct" and the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief. *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 679), *aff'd as modified*, 659 F. App'x 744 (4th Cir. 2016).

Turning first to the Section 1981 claim, HHS correctly argues that Section 1981 applies only to acts taken "under the color of *state* law" and thus does not reach the alleged misconduct of *federal* agencies or employees. ECF No. 32 at 9 (quoting *Marshall v. Dep't of Defense Educ. Activity*, Civ. No. 22-cv-74, 2023 WL 4236903, at *3 (E.D. Va. June 27, 2023)). *See also Traore v. Baltimore Police Dep't*, Civ. No. MJM-22-793, 2023 WL 8600553, at *15 (D. Md. Dec. 12, 2023) (quoting 42 U.S.C. §1981) ("The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law."). Because Liu sues only HHS, a federal agency, the claim fails as a matter of law.

As to the First and Fifth Amendment claims, ECF No. 14 ¶¶ 42–55, the Court addresses each separately. A Fifth Amendment due process claim must make plausible that the plaintiff (1) was deprived of "something that fits into one of the three protected categories: life, liberty, or property," *and* (2) that he did not "receive the minimum measure of procedural protection warranted under the circumstances." *Mallette v. Arlington Cnty. Employees' Supplemental Ret.*

*Sys. II*, 91 F.3d 630, 634 (4th Cir. 1996).  "[T]he types of interests protected as 'property' are varied and fact based.  *Strickland v. United States*, 32 F.4th 311, 348 (2022) (quoting *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982)).  "To have a property interest in a benefit," such as obtaining a job, "a person clearly must have more than an abstract need or desire for it."  *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).  "He must, instead, have a legitimate claim of entitlement to it" and not just a "unilateral expectation of it."  *Id*.  Moreover, a plaintiff must show his expectations were legitimately "'based on rules (statutes or regulations) or understandings (contracts, express or implied).'"  *Swell v. Garland*, Civ. No. BAH-22-2864, 2024 WL 4227291 at *9 (D. Md. Sept. 18, 2024) (quoting *Piroglu v. Coleman*, 25 F.3d 1098, 1104 (D.C. Cir. 1994)).

Viewing the Amended Complaint facts most favorably to Liu, he merely alleges that his non-selection constitutes a loss of "liberty" in "choosing" his career path, and a loss of "property" interest in receiving a job interview.  ECF No. 14-1 ¶¶ 46–54.  Mere expectation of future employment or hopes of a potential interview alone does not constitute a constitutionally protected property or liberty interests.  *Swell*, 2024 WL 4227291 at *9 (employment offer alone does not bind defendants such that the plaintiff had a legitimate claim of entitlement to the position).  *See also Rodriguez v. D.C.*, 118 F. Supp. 3d 132, 141 (D.D.C. 2015) (quoting *Nat'l Treasury Emp. Union v. Reagan*, 509 F. Supp. 1337, 1341 (D.D.C.1981)) (finding that offers of federal employment did not give rise to protected property interest for due process purposes where the plaintiffs had received "mere offers of jobs which do not rise to the level of 'appointments' to the federal civil service").  Thus, the claim fails as a matter of law.

Liu's First Amendment claim is equally flawed.  He contends, based on the same facts supporting the statutory retaliation claims, that HHS' alleged non-selections infringed on his right

to petition for redress of grievances.  ECF No. 14-1 ¶ 55.  *See Kirby v. City of Elizabeth City, N. Carolina*, 388 F.3d 440, 448 (4th Cir. 2004).  And as with statutory retaliation, some facts must make plausible a "causal connection between the First Amendment activity and the alleged adverse action."  *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 501 (4th Cir. 2005) (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir.1998)).  However, given the length of time between the protected activities and Liu's non-selections, no reasonable inference of causation can be drawn.  Without more, the Amended Complaint does not make plausible that Liu was not hired because he sought administrative or judicial redress. *See* discussion *supra* Section A. Discrimination and Retaliation.  So even if Liu had preserved the argument he makes now, the claims would have nonetheless been dismissed as legally insufficient.  Reconsideration of dismissal is thus DENIED.[5]

## IV. Conclusion

For the foregoing reasons, the Plaintiff's motion for reconsideration at ECF No. 45 is **DENIED**.  A separate Order follows.

January 14, 2026                                          /s/
Date                                                PAULA XINIS
                                                United States District Judge

---

[5] Unlike dismissal for lack of jurisdiction which must be without prejudice, dismissal under Rule 12(b)(6) may be with or without prejudice.  *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013).  Dismissal with prejudice is warranted where the claims are "truly unamendable."  *See Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008).  The Section 1981 claim is foreclosed as to federal actors and so, cannot be cured by amendment.  And nothing suggests that the constitutional claims could be fixed with additional facts, especially since Liu has already amended the complaint once.  For these reasons, the Court would have dismissed with prejudice the federal claims had Liu properly sought equitable relief or raised these arguments before.